JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| iN DEMAND L.L.C., a Delaware limited liability company,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CKI, Inc.; TriMediaEnterprises, LLC; iNd Television; and DOES 1-10,<br><br>　　　　Defendants. | Case No.: 2:13-cv-00281-MWF-AGR<br><br>**JUDGMENT AND PERMANENT INJUNCTION** |

Based upon the Motion for Default Judgment submitted by Plaintiff iN DEMAND L.L.C. ("Plaintiff"), and good cause appearing therefore, the Court finds as follows:

　　1.　　This Court has jurisdiction of the subject matter of this action and the parties hereto.

　　2.　　Plaintiff is the owner of the intellectual property rights, including trademark and service mark rights, in the name and mark "iND" for use in connection with cable television services, cable television programming services and other related services (the "iND Mark").

　　3.　　Plaintiff is the owner of the intellectual property rights, including

trademark and service mark rights, in the name and mark "INHD" for use in connection with cable television programming services, and the name and mark "IN DEMAND" for use in connection with cable television programming services and cable television services offered to subscribers on a pay-per-view basis (collectively, with the "iND Mark", "Plaintiff's Marks").

4. On January 14, 2013, Plaintiff filed a Complaint against TriMediaEnterprises for Federal Trademark Infringement, Federal Unfair Competition, State Law Unfair Competition and Injury to Business Reputation (the "Complaint").

5. The Complaint was served on TriMediaEnterprises on February 19, 2013.

6. Defendant TriMediaEnterprises has not answered or responded to the Complaint or otherwise appeared in this action.

7. Plaintiff's Marks are protectable and Plaintiff has made various registrations of Plaintiff's Marks, including the iND Mark, with the United States Patent and Trademark Office.

8. Plaintiff's Marks, including the iND Mark, have become assets of substantial value symbolizing Plaintiff's services and goodwill.  As a result of Plaintiff's extensive marketing efforts, Plaintiff's Marks, including the iND Mark, have obtained strong secondary meaning indicating source with respect to Plaintiff's services.

9. On April 4 2013, Plaintiff requested that the Clerk enter default against TriMediaEnterprises for failure to answer or otherwise respond to the Complaint, and on April 5, 2013, the Clerk entered default against Defendant TriMediaEnterprises pursuant to Fed. R. Civ. Proc. 55(a).

10. At the time suit was filed, defendant TriMediaEnterprises, LLC, its officers, agents, servants, employees, attorneys, successors, assigns, and all those persons in active concert or participation with it (hereinafter, the "Defendant

Parties") were engaged in the following:

    a.    the offering of the Defendant Parties' cable television programming services under the mark "iNd", which is confusingly similar to Plaintiff's iND Mark;

    b.    the marketing of the Defendant Parties' cable television programming services and content via a website located at the domain name www.indtelevision.com, which domain name is registered in the name of TriMediaEnterprises, LLC; and

    c.    the marketing and promotion of the Defendant Parties' services via Facebook using the name "INd Television (INd TV)" and via Twitter using the name "@INd_TV".

11. The foregoing activities by the Defendant Parties were without Plaintiff's authorization or consent.

12. The foregoing activities by the Defendant Parties are likely to cause confusion with Plaintiff's Marks, including the iND Mark.

13. The foregoing activities by the Defendant Parties constitutes trademark infringement, unfair competition and false designation of origin in violation of the Lanham Act and of corresponding state and common law.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT,**

Pursuant to 15 U.S.C. §§ 1117 and 1125, Rule 65 of the Federal Rules of Civil Procedure and Section 17203 of the California Business and Professions Code, a permanent injunction shall issue enjoining the Defendant Parties from:

    a.    Using or registering the mark "IND", in whole or as part of any mark, name or logo, in any typeface or font, in any combination of capitalized or lowercase letters, or using any confusingly similar designation, alone or in combination with other words, as a trademark, service mark, trade name, trade name component, brand or otherwise, to market, advertise or identify the Defendant

1  Parties' cable television programming goods or services, including the marketing of
2  the Defendant Parties' cable television programming via a website and any social
3  media or email account utilizing "IND" as a user name or part of a user name;
4  and/or,

5        b.    Assisting, aiding or abetting any other person or business entity
6  in engaging in or performing any of the activities referred to in subparagraph (a)
7  above.

8        **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT:**
9        a.    TriMediaEnterprises be required to immediately and
10 permanently terminate, cancel or transfer to iN DEMAND L.L.C. any social media
11 or email account utilizing "IND" as a user name or part of a user name; and
12       b.    TriMediaEnterprises be directed to transfer ownership of the
13 www.indtelevision.com domain name to iN DEMAND L.L.C.

16 Dated: July 8, 2013

                                          MICHAEL W. FITZGERALD
                                          United States District Court Judge